IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SANDRA AUTON,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )   No. 2:09-CV-170
                                           )
INTERSTATE MANAGEMENT and                  )
INVESTMENT CORPORATION, a/k/a              )
IMIC HOTELS, individually and              )
d/b/a JOHNSON CITY COMFORT                 )
SUITES, and d/b/a JOHNSON CITY             )
HOTEL ASSOCIATES, LP.,                     )
                                           )
        Defendant.                         )

## **MEMORANDUM**

This age discrimination case is before the court on the defendant's motion for summary judgment [doc. 11], which has been fully briefed and is ripe for the court's consideration. For the reasons that follow, the motion will be granted and this case will be dismissed.

I.

*Background*

Plaintiff was born in 1965. She began working for the defendant as a housekeeper at the Johnson City Comfort Suites ("Comfort Suites") in September 2003. She was promoted to assistant executive housekeeper in December 2003 and to executive housekeeper in April 2004. According to the job description signed by plaintiff on April 28,

2004, the executive housekeeper is responsible for all operations of the Comfort Suites housekeeping department including "fill[ing] in as housekeeper to clean rooms in a shorthanded situation." The employee handbook signed by plaintiff in January 2004 made clear that she was an at-will employee. Among the conduct listed therein as being subject to disciplinary action, up to and including termination, are insubordination and "inefficient performance of duties."

Tammy Havens became the general manager of the Comfort Suites on May 1, 2007. She had served as the interim general manager during the preceding two months.

Attached to Havens' affidavit are two employee letters, one dated April 6, 2007, and one undated, complaining about plaintiff. According to Havens, these letters were maintained in plaintiff's personnel file. Also attached to Havens' affidavit are notes from five dates in June and July 2007 citing specific cleanliness issues with rooms at the Comfort Suites. A Wal-Mart receipt dated June 15, 2007, is attached to a note stating that a guest purchased cleaning supplies to clean his/her own room due to the alleged condition of the bathroom.

Also attached to Havens' affidavit is an employee warning notice concerning plaintiff. Signed by Havens and dated June 11, 2007, the notice states,

> I have been rechecking rooms behind [plaintiff] and they are not up to our standards. I feel that when I check behind her I should not find anything, that has not been the case. We have discussed also taking the time to smile and be courteous to her fellow employees.

The document indicates that plaintiff refused to sign it, but plaintiff states she was never made aware of the notice's existence.

On July 30, 2007, plaintiff phoned Tom Farrell, defendant's vice president of operations. At her deposition, plaintiff initially testified that she called Farrell solely to express staffing concerns but then admitted that another purpose of the call was to complain about Havens, who she characterized as "playing G.M. or whatever they call it." Havens' affidavit states that on the following day "plaintiff called me into her office to speak with me. During our discussion, [she] was disrespectful and told me that she felt that I was incapable of performing the duties of a General Manager because she thought I was immature, young, and childish. [She] also informed me . . . that Mr. Farrell was coming to speak with me about my performance."

On July 31, 2007, Havens fired plaintiff. According to Havens' affidavit, the termination was for "inability to perform her job duties and . . . major lack of compassion for her employees, insubordination, and disrespect toward me." Plaintiff was replaced by Elizabeth Rowe, who had applied for the executive housekeeper position on June 26, 2007. Rowe's application stated that she would be available to start work on July 30, 2007 - the day before plaintiff was fired. Rowe was 26 or 27 years old at the time and, according to plaintiff, Havens and Rowe "left the motel together in the early afternoon on several occasions in July." Plaintiff contends that "after she became General Manager [Havens]

began searching for a younger woman to replace me as Executive Housekeeper and fired me the day before my younger replacement had advised her she could start work."

Plaintiff testified that Havens "was hiring all of her younger friends" including Rowe. However, plaintiff is not aware of any other Comfort Suites employees who were terminated because of their age. When asked why she believed age was the reason for her own firing, plaintiff testified,

> Because, [Havens] is young, and to get the younger people in there and stuff, and a whole new crew. I mean if you've got somebody 20 years younger than me the other woman, I guess, would be more motivated and stuff, but I will believe with all of my heart that I was terminated because of age discrimination.

Following her firing, plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission. After receiving her right to sue letter, plaintiff initiated this civil action. She contends that she was fired because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

II.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that its opponent has

failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

### III.

*Analysis*

As noted, plaintiff alleges that the defendant terminated her on the basis of her age in violation of the ADEA, which prohibits employers from "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). In *Gross v. FBL Financial Services*, 129 S. Ct. 2343, 2350-51 (2009), the Court clarified that an ADEA claimant bears the burden of establishing that her age was the "but-for" cause of the employer's adverse action.

A. Plaintiff's Response Brief and Affidavit

As an initial matter, the court must address two issues regarding plaintiff's summary judgment response. First, defendant argues that the response should be stricken as untimely. That argument is without merit, as the defendant's calculation disregards the additional three days of response time allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(d), 5(b)(2)(E).

Next, defendant argues that alleged hearsay contained in plaintiff's affidavit cannot be considered on summary judgment. The affidavit references statements of former coworkers Coomer and Trussell, and the defendant is correct that those statements are hearsay. The alleged statements of Coomer and Trussell contained in plaintiff's affidavit have not been considered by the court. *See Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999).

B. *McDonnell Douglas*

At summary judgment, the court evaluates an ADEA claimant's inferential and circumstantial evidence using the familiar *McDonnell Douglas* burden-shifting approach. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009).[1] In *McDonnell Douglas* the Supreme Court established "the order and allocation of proof in a private, non-class action challenging employment

---

[1] According to plaintiff's deposition testimony, "My knee was hurting one day and [Havens] said, 'you're just getting old.'" At the time, plaintiff laughed and did not construe the statement as job-related. Plaintiff does not argue that this isolated and ambiguous comment constitutes *direct* evidence of age discrimination. *See DiCarlo v. Potter*, 358 F.3d 408, 416 (6th Cir. 2004).

discrimination . . . ." *McDonnell Douglas*, 411 U.S. at 800-03. Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of discrimination. *Id.* at 802. The elements necessary to make a *prima facie* showing will vary depending on the facts of each case and the type of discrimination alleged. *See Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575-76 (1978).

If a plaintiff is able to establish her *prima facie* case, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792-93 (6th Cir. 2000) (citation omitted). If the employer successfully provides such a reason, *McDonnell Douglas*'s regime then places the final burden on the plaintiff to "demonstrate by competent evidence" that the employer's proffered reason is in fact merely a pretext. *McDonnell Douglas*, 411 U.S. at 805. Plaintiffs bear the burden of persuasion throughout the entire process. *See Morris*, 201 F.3d at 793.

C. Pretext

The parties concede that plaintiff has made out a *prima facie* case and that the defendant has articulated legitimate, nondiscriminatory reasons for the firing. The sole issue before the court is whether plaintiff can show those reasons to be pretext. Pretext may be shown "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

7

In the present case, plaintiff launches a number of attacks on the contents of her personnel file and the Havens' affidavit in an effort to show that defendant's proffered explanation is not credible. First, plaintiff argues that the two employee complaint letters referenced in Havens' affidavit pertained to incidents occurring before Havens became general manager. Plaintiff also disputes the facts underlying those two complaints, and she further claims to have performed her job satisfactorily in the past.

These points are immaterial as to whether plaintiff was satisfactorily performing her job duties at the time of her termination. Further, personal disagreement with the facts underlying her discharge is similarly irrelevant. *See Abdulnour v. Campbell Soup Supply Co.*, 502 F.3d 496, 502 (6th Cir. 2007). Conclusory allegations and subjective beliefs are insufficient grounds to defeat summary judgment. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992).

Plaintiff next denies being told about the June and July 2007 cleanliness notes or the June 2007 employee notice. She does not, however, raise a genuine issue as to whether those documents were actually a part of her personnel file or whether the concerns listed therein were honestly relied upon by her employer. Whether or not the defendant sufficiently coached plaintiff or gave her enough "second chances" is irrelevant. This court does not sit as a "'super personnel department,' overseeing and second guessing employers' business decisions." *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627-28 (6th Cir. 2006) (citation omitted).

8

A claimant may not establish pretext merely by questioning the soundness of her employer's business judgment. *See Wilkins v. Eaton Corp.*, 790 F.2d 515, 521 (6th Cir. 1986). The Sixth Circuit has adopted the "honest belief" rule concerning an employer's proffered reason for discharging an employee. *See, e.g., Smith v. Chrysler Corp.*, 155 F.3d 799, 806-07 (6th Cir. 1998). "An employer has an honest belief in its reason for discharging an employee where the employer reasonably relied 'on the particularized facts that were before it at the time the decision was made.'" *Majewski v. Automatic Data Processing*, 274 F.3d 1106, 1117 (6th Cir. 2001) (quoting *Smith*, 155 F.3d at 807). "An employer need not prove that complaints or perceptions about an employee are true before using such complaints as a basis for action. As long as an employer honestly believes complaints about an employee are true, such complaints can serve as a justification for an employment action and will not be regarded as pretextual." *Koval v. Dow Jones & Co.*, 86 F. App'x 61, 67-68 (6th Cir. 2004) (citing *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001)).

Plaintiff next points to the five-week pendency of Rowe's application as evidence that Havens had been plotting to fire her for some time. At best, the application raises an issue as to whether the defendant was looking to replace plaintiff. It does not, however, raise a genuine issue of material fact as to whether the but-for cause of that decision was age rather than job performance.

Lastly, plaintiff denies that she was disrespectful on the date she was terminated, but at deposition plaintiff admitted to calling defendant's vice president of

9

operations on the previous day to complain about Havens. According to Havens, plaintiff was "disrespectful and told me that she felt that I was incapable of performing the duties of a General Manager because she thought I was immature, young, and childish." This is consistent with plaintiff's deposition characterization of Havens as "playing G.M. or whatever they call it." While the parties may differ in their definitions of "*disrespectful*," that dispute does not raise a genuine issue as to whether Havens honestly believed plaintiff to be *insubordinate*.

IV.

*Conclusion*

For the reasons discussed herein, plaintiff simply has not presented evidence sufficient to allow a reasonable trier of fact to conclude that age discrimination was the but-for cause of her termination. "A defendant's proffered reason cannot be proved to be a pretext 'unless it is shown *both* that the reason was false, *and* that discrimination . . . was the real reason." *Harris v. Metro. Gov't of Nashville & Davidson County*, 594 F.3d 476, 486 (6th Cir. 2010) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)) (emphasis in original). Again, plaintiff's conclusory allegations and subjective beliefs are insufficient grounds to deny summary judgment. *Mitchell*, 964 F.2d at 585. The pending motion will therefore be granted and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge